UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CIVIL ACTION NO. 5:08CV-P214-R

KELVIN THOMAS *et al.*                                                                 PLAINTIFFS

v.

KENTUCKY DEPARTMENT OF CORRECTIONS *et al.*                    DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on initial review of the complaint (DN 1) and its amendments (DNs 5, 9 & 10) pursuant to 28 U.S.C. § 1915A. Under that statute, the Court must review the complaint and its amendment and dismiss them, or any portion of them, if the Court determines that they are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). Upon consideration, the Court will dismiss a portion of the claims and allow the other claims to proceed.

**I.**

Plaintiffs Kelvin Thomas and Timothy D. Rouse, Jr., are convicted inmates incarcerated at the Kentucky State Penitentiary ("KSP"). They filed a *pro se* complaint (DN 1) and amended complaint (DN 10) against the Kentucky Department of Corrections, KSP Unit Administrator Holbert Huddelston, KSP Lieutenant Sam Fletchure, and KSP Warden Thomas Simpson. In the

amended complaint, Plaintiffs also name KSP Physician, Dr. Steve Hiland,[1] as a Defendant. The Court will, by separate Order, direct the Clerk of Court to amend the caption to add Dr. Hiland as a Defendant. Plaintiffs sue Defendants in their individual and official capacities and allege Eighth and Fourteenth Amendment violations, a conspiracy, and negligence. They seek damages and injunctive relief.

Plaintiffs allege that Defendants have failed and are continuing to fail to provide for their safety when they are being escorted from segregation on the second floor. According to Plaintiffs, before being allowed to go outside, they and the other inmates in segregation are handcuffed behind their backs and shackled together and are rushed down the stairs all at once without being held or assisted by guards. Plaintiffs report that Plaintiff Thomas fell down the stairs and sustained injuries on December 26, 2008, due to this protocol. Plaintiff Rouse reports complaining to Defendants Huddelston and Simpson that this protocol was dangerous and would lead to a fall, but that nothing has been done to change the situation.

Plaintiffs further contend that once inmates are in full restraints that Defendants cause injury to inmates that they dislike, such as Plaintiff Thomas, whose fall was allegedly racially motivated[2] and intentionally caused by Defendants who engaged in a conspiracy to cause him harm.

---

[1] While in the amended complaint Plaintiff spelled Dr. Hiland's last name "Higland," the Court takes judicial notice that the medical doctor at KSP is Dr. Hiland.

[2] Plaintiff Rouse claims that he has observed Defendants "push other colored inmates down the steps by steping on their leg restraints and pushing them over."

Finally, Plaintiff Thomas claims that he sought medical attention for his injuries and that Defendant Hiland "continued prescribing different kinds of medication without knowing the Plaintiff allerg[ies] and without knowing what injuries" Plaintiff sustained. Plaintiff Thomas further claims that Defendant Hiland failed to examine him or order an MRI because of his race. Plaintiff claims that he now has difficult sitting up straight and walking around for a long period of time.

## II.

A state, its agencies,[3] and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials and all claims (damages and equitable relief) against the KDOC, a state entity, are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Accordingly, by separate Order, the Court will dismiss all § 1983 claims against the KDOC and all official-capacity § 1983 claims for damages against the other Defendants.

---

[3]The Kentucky Department of Corrections ("DOC") is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.

The Court will allow the § 1983 constitutional and conspiracy claims to continue against Defendants Huddelston, Fletchure, Simpson, and Hiland in their official capacity for injunctive relief and in their individual capacity for all relief and will allow the state-law negligence claim to proceed against all Defendants. The Court will enter a separate Scheduling Order governing the development of the continuing claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005